# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRIAN ROMJUE | * |
| Plaintiff | * |
| v. | * Civil No. PJM 00-2671 |
| PRINCE GEORGE'S COUNTY, MARYLAND, et al. | * |
| Defendants | * |

_____FILED  _____ENTERED
_____LODGED  _____RECEIVED

DEC 1 0 2002

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## OPINION

I.

A jury rendered a verdict in favor of Plaintiff Brian Romjue on a federal civil rights claim brought against four Prince George's County, Maryland police officers. He has now filed a Motion to Award Attorney's Fees and Costs, pursuant to 42 U.S.C. §1988. He asks for approximately $188,000 in fees on behalf of five attorneys plus costs in the amount of approximately $17,400. Defendants ask the Court to award Plaintiff fees of no more than approximately $95,500 and costs of no more than approximately $10,686.

The Court will award Plaintiff $131,600 in attorney's fees, allocating $79,375 dollars to Roberts and Wood and $52,225 to Mmes. Cartwright, Graham and White, et al.



Costs will be awarded in the amount of $17,412.25 as follows: to Roberts and Wood, $2,241.74; to Cartwright, $13,470.85; and to Graham $1,699.66.

II.

Romjue sued Defendants Robshaw, Piazza, Davis, and McCann, among others, in a Complaint containing 9 counts, including claims for assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, Section 1983 (unreasonable search and seizure/denial of due process), Maryland Constitution (unreasonable search and seizure/denial of due process), Section 1983 (failure to supervise), Section 1983 ("color of law"), and Section 1985(3) (conspiracy).

By the time the case came to trial against the four named Defendants, only the Section 1983 and Maryland Constitutional unreasonable search and seizure counts remained, subdivided into claims for unreasonable seizure and excessive use of force. In a special verdict, the jury found all four Defendants liable for an unreasonable seizure, but none for excessive use of force. Each Defendant was assessed $17,250 in compensatory damages and $5,250 in punitive damages (the latter applying only to the federal civil rights count), for a total of $90,000. Prince George's County was held jointly liable for $70,000 on the Maryland Constitutional count.

The case proceeded through fairly straightforward motions practice, including an extensive motion for summary judgment filed on behalf of all Defendants. Trial consumed 11 days, including the date of the rendition of the jury's verdict.

III.

Under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, the court "may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in an action to enforce the provisions of 42 U.S.C. § 1983. "A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (internal quotations omitted). Once a plaintiff has crossed this threshold, "[i]t remains for the district court to determine what fee is 'reasonable.'" Id. at 433. "[A] reasonable fee is the number of hours reasonably expended on the litigation case multiplied by a reasonable hourly rate." Id. at 433. The product of this multiplication is known as the "lode star."

Hensley, citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), identified 12 relevant factors that bear on the reasonableness of a request for attorney's fees in cases such as this:

1) The time and labor required;

2) The novelty and difficulty of the questions;

3) The skills required to perform the legal service properly;

4) The preclusion of other employment due to the acceptance of the case;

5) The customary fee;

6) Whether the fee is fixed or contingent;

7) Time limitations imposed by the client or the circumstances;

8) The amount involved and the results obtained;

9) The experience, reputation and ability of the attorneys;

10) The nature and length of the professional relationship with the client;

11) The "undesirability" of the case; and

12) Awards in similar cases.

Id. at 430.

Additionally, this District has Rules and Guidelines for Determining Lode Star Attorneys' Fees in Civil Rights and Discrimination Cases. See Local Rules of the U. S. Dist. Ct. for the Dist. of Md. Apx. B (2001). Those rules include certain mandatory obligations regarding billing format, time recordation, and submission of quarterly statements, and guidelines regarding compensable and non-compensable time, hourly rates and reimbursable expenses.

IV.

Romjue's motion for fees and costs is not entirely in conformity with either this this Court's Rules and Guidelines or the Hensley criteria. To start, it is undisputed that attorneys Cartwright, Graham, and White failed to submit quarterly statements showing time expended on the case, as required by Local Guideline 1(c). Moreover, some, but not all of the Hensley criteria are addressed in the Motion. Furthermore, it is difficult if not impossible to decipher from the Motion the extent to which more than one of Romjue's five lawyers may have been involved in attending depositions, holding client and third party conferences, or attending hearings. The problem is that, under Local Guidelines 2(b), (c) and (d), only one

lawyer for each separately represented party is ordinarily entitled to compensation for those activities, except in unusual circumstances. None of those circumstances have been set forth in the Motion.

Defendants suggest, at least as a first line argument, that none of the fees and costs of Cartwright, Graham, and White should be compensated because from the first quarter in which the action was filed they failed to file the required quarterly reports. The Court is not prepared to go that far, but will take into account the fact that such reports were not filed in determining the fee that may be due to the attorneys.

The Court considers the Hensley factors, albeit not in the sequence set forth above. Of these factors, the degree of success with regard to the result is certainly the most important. Hensley, 461 U.S. at 436. Defendants suggest that, because Romjue's claimed economic damages totaled some $36,000 in past medical bills and $69,000 in future medical expenses, the jury's award of $90,000 came to about $15,000 less than the economic damages claim. Moreover, Defendants point out that the jury rejected entirely Romjue's claim of excessive force by the Defendants. This means, they argue, that the jury's award was tantamount to a rejection of any non-economic damage claim by Romjue. Romjue suggests that he succeeded despite vigorous opposition by Defendants, that he "soundly defeated" the defense, and that he overcame Defendants' attack on him and his family when they were accused of "paranoia and a conspiracy to hide a minor from her parents." Romjue says he "overcame all these obstacles in a hard-fought contest lasting three weeks." "Given the

ferocity put up by the opposition," he says, "the $90,000 verdict against four high ranking officers was an excellent result."

The Court concludes that Romjue did achieve a very successful result. The matter was vigorously defended from start to finish. It involved the Deputy Chief of the Prince George's police department (though he is to have a separate trial), whose niece's disappearance caused Defendants to take Romjue into custody. The fact that Romjue did not prevail on the excessive force claim is of little consequence. As he points out, some lawsuits cannot be viewed as a series of discrete claims. Rather, the court should focus on the significance of the overall relief achieved in relation to the hours reasonably expended on the litigation. See id. at 435.

The Court considers the time and labor required to try the case. It finds little justification for the fact that five different attorneys represented Romjue in this case. What is apparent from the record is that attorneys Cartwright, et al. took the case in the beginning and rendered some services in connection with it. Then, as trial approached, they invited attorneys Roberts and Griffiths to try the case. There is no question that, in order to get up to speed, Roberts and Griffiths would have had to duplicate in large part efforts by Cartwright, et al. Therefore, a significant discount of the requested time for all attorneys is in order.

Roberts and Griffiths report a total of 430 hours expended during the preparation of the case. Cartwright, et al. claim 259.14 hours of services. The Court will reduce the compensable hours by approximately 30%.

The Court has no problem with the reported hourly rates of Griffiths at $250.00 per hour, Cartwright & Graham at $225.00 per hour and White at $175.00 per hour. Roberts' requested rate of $275.00 is entirely justifiable, since he is certainly one of the most prominent attorneys, if not the most prominent attorney, trying police excessive force cases in this District.

As for the other Hensley factors, the Court finds that the questions in the case were not particularly novel or difficult, but that appropriate skill was required to perform the service properly. Even without specific demonstration, the attorneys clearly were precluded from taking other employment because they accepted this case. The Court has no information as to whether defense counsel's fees are fixed or contingent nor of the time limitations that might have been imposed by the client under the circumstances. It appears that Romjue's counsel had no separate relationship with him other than their representation of him in this case. The Court does not find the case any more or less "undesirable" than any other excessive force case brought against a County police department.

With these factors in mind, returning to the lode star number, the Court finds that an appropriate fee for Roberts and Wood would be a total of $79,375, specifically covering Roberts (165 hours x $275@ = $45,375), and Griffiths (136 hours x $250@ = $34,000). Cartwright, et al. merit a total fee of $52,222.50 (232.1 hours x $225@, rounded off to $52,225).

V.

The Court has reviewed the costs requested by Romjue and finds them all reasonable. Accordingly, in addition to fees, the Court will award Romjue costs as follows:

| | | |
|---|---|---|
| To Roberts and Wood | - | $ 2,241.74 |
| To Cartwright & Associates | - | $ 13,470.85 |
| To Barbara Graham | - | $ 1,699.66 |

A separate Order will be ENTERED implementing this decision.

December 1, 2002

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE